**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramon PRIETA–QUEZADA,**
**Defendant–Appellant.**

No. 05–50739.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2006.

Filed Jan. 11, 2007.

652

———

Becky S. Walker, Esq., Mark A. Young, Esq., Los Angeles, CA, for Plaintiff–Appellee.

Ramon Prieta–Quezada, Los Angeles, CA, pro se.

Kenneth M. Stern, Esq., Law Offices Kenneth M. Stern, Woodland Hills, CA, for Defendant–Appellant.

Before: WARDLAW, PAEZ, and BYBEE, Circuit Judges.

## MEMORANDUM *

Ramon Prieta–Quezada appeals his conviction and sentence for conspiracy to possess with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1). He argues that there was insufficient evidence to support his conviction and that the district court erred in not granting him a downward adjustment at sentencing because of his minimal involvement in the underlying conspiracy compared to the other participants. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The facts are known to the parties, and we repeat them here only as necessary.

We review insufficiency of evidence claims de novo. However, that review is "highly deferential," *United States v. Rubio–Villareal*, 967 F.2d 294, 296 (9th Cir. 1992) (en banc), and we review the evidence "in the light most favorable to the prosecution, determining whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *United States v. Stewart*, 420 F.3d 1007, 1015 (9th Cir.2005) (internal citation and quotation omitted).

"To establish a drug conspiracy, the government must prove: 1) an agreement to accomplish an illegal objective and 2) the intent to commit the underlying offense. To prove the requisite intent for the underlying offense of cocaine distribution, the government must present 'clear' evidence of [the defendant's] knowledge of the purpose behind the conspiracy." *United States v. Romero*, 282 F.3d 683, 687 (9th Cir.2002) (internal citations and quotation omitted). Intent may be inferred from the defendant's conduct and the surrounding circumstances. *See United States v. Labrada–Bustamante*, 428 F.3d 1252, 1260 (9th Cir.2005) (citation omitted). Prieta–Quezada does not contend that the evidence was insufficient to establish the existence of the underlying conspiracy; rather, he argues that there was insufficient evidence to prove that he had the requisite intent to be part of that conspiracy.

The evidence of Prieta–Quezada's involvement in the conspiracy is ample to support a finding of intent to participate in the conspiracy. Undisputed evidence establishes that Prieta–Quezada arranged to meet with A. Rios, who was indisputably involved in the conspiracy, so that Rios could collect a "receipt" and give Prieta–Quezada "everything"; that the two men actually did meet and traveled to a house associated with the conspiracy; that Rios made the third member of their party wait on the street while he brought Prieta–Quezada into the secluded driveway of a house used for storing and selling drugs; that Rios loaded two boxes of cash into the

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

vehicle in which Prieta–Quezada had traveled to the meeting and to the house; and that Prieta–Quezada apparently rearranged or examined the boxes in the trunk of the car. Moreover, the evidence would permit a reasonable factfinder to conclude that Prieta–Quezada possessed one of at least ten numbered mobile telephones used by members of the conspiracy and that he used this telephone on several occasions to communicate with the individuals in possession of the other phones—in other words, with his co-conspirators. In sum, Prieta–Quezada's conduct here was not merely tangential, and we conclude that a rational trier of fact could find this evidence sufficient to establish Prieta–Quezada's knowledge of, and intent to participate in, the conspiracy.

Prieta–Quezada also contests the district court's refusal to grant him a downward sentencing adjustment as a minor participant. We review this factual determination for clear error. *United States v. Pena–Gutierrez*, 222 F.3d 1080, 1091 (9th Cir.2000). Such downward adjustments are infrequently granted, *see United States v. Hoac*, 990 F.2d 1099, 1105–06 (9th Cir.1993), and should be reserved for defendants "substantially less culpable than [their] co-participants," *United States v. Benitez*, 34 F.3d 1489, 1498 (9th Cir.1994) (internal citation omitted).

Prieta–Quezada argues that the district court denied the downward adjustment without either considering the record evidence or comparing his culpability with the other participants in the conspiracy. However, the record makes clear that the district court specifically sought the government's view on relative culpability; that the government explained why Prieta–Quezada was as culpable as, or more culpable than, his co-conspirators; and that the

district court expressly stated that it agreed with the government's culpability assessment. Nothing in the record suggests that the district court clearly erred in reaching this conclusion.

Accordingly, the district court's judgment is **AFFIRMED**.